```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                    CASE NO:   3:06-cr-296-J-33TEM

ARLIS GLENDELL BLOUNT

_____/

**ORDER**

This cause comes before the Court pursuant to Arlis Glendell Blount's Motion to Correct Clerical Error of Sentence and Written Judgment (Doc. # 136), filed November 24, 2010, and the United States of America's Response in Opposition (Doc. # 138) filed on March 4, 2011.  Blount submits that this Court made a clerical error in imposing his sentence and judgment, and that he is entitled to a reduction in sentence pursuant to Title 18, United States Code, Section 3582(c).  For the reasons stated below, the Court construes the Motion as one under 28 U.S.C. § 2255.

**I.   Background**

On August 2, 2007, Blount appeared before Magistrate Judge Thomas E. Morris and pled guilty pursuant to a written plea agreement (Doc. # 104) to the lesser included offense of Count One of the Second Superseding Indictment charging conspiracy to distribute cocaine and cocaine base, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).

On March 27, 2008, this Court imposed a sentence of 70 months. (Doc. # 114).

Prior to the United States's motion pursuant to USSG 5K1.1, Blount's sentencing guidelines calculation was criminal history category III, offense level 29 - the corresponding advisory guidelines range was 108-135 months.  At sentencing, the United States presented argument to the Court requesting a 4-level downward adjustment based upon Blount's substantial assistance. Blount's counsel argued for a 6-level reduction; however, this Court granted the motion in the form presented and departed downward 4 levels.  The resulting guidelines calculation was criminal history category III, offense level 25 - the corresponding guidelines range was 70-87 months.  The United States requested a low end sentence of 70 months.  The Court imposed a sentence of 70 months.  (Docs. ## 114, 116).  Blount did not file a direct appeal from the imposition of judgment.

## II. Analysis

Blount asserts that this Court made a clerical error in imposing the sentence and judgment and that he is entitled to a reduction in sentence.  Because Blount essentially lodges a collateral attack on his sentence, his pleading is really a motion pursuant to Title 28, United States Code, Section 2255.

**A.   Relief Requested**

This Court has the authority to liberally construe a pro se pleading in any manner that may invoke its jurisdiction. Federal Rule of Criminal Procedure 36 allows a court, "[a]fter giving any notice it considers appropriate, . . . at any time [to] correct a clerical error in a judgment, order, or other part of the record . . . . " Rule 36 may be used to ensure that the written judgment is in accord with the oral sentence. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004). "Where there is a discrepancy between the orally imposed sentence and the written order of judgment and committal, the oral sentence controls." United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990).

Here, there is no discrepancy between the oral sentence and the written judgment. After a full sentencing hearing on March 27, 2008, the Court found the advisory guidelines range as 70 to 87 months. Neither party lodged an objection. The oral sentence imposed (70 months) and the sentence reflected in the judgment (70 months) are the same (Doc. # 116).

Additionally, in paragraph A.5 of the plea agreement, the United States and Blount stipulated and agreed to a base offense level of 34. (Doc. # 104 at 3). Because of Amendment 706, the

3

base offense level was then appropriately adjusted to level 32 in accordance with the guidelines in effect on the date of sentencing. As previously stated, Blount's 5k1.1 motion was assessed from level 29 (after the three levels for acceptance of responsibility under section 3E1.1 were subtracted from the base offense level of 32). Thus, because the relief under Title 18, United States Code, Section 3582(c) was already considered, no further relief is appropriate.

**B.    28 U.S.C. § 2255**

In Castro v. United States, 540 U.S. 375, 377 (2003), the Supreme Court instructed, pursuant to its "supervisory power," that a district court may re-characterize a pro se prisoner's mislabeled filing as a 28 U.S.C. § 2255 motion, but first must notify the prisoner of its intent to do so, warn the prisoner that any future section 2255 motions will be subject to the restrictions on second or successive section 2255 motions, and provide the prisoner with an opportunity to withdraw or amend the filing. Id.

Blount did not seek direct appeal from the judgment (Doc. # 116). The claims in Blount's motion essentially attack the calculation of his criminal sentence and are, therefore, the subject of a motion under section 2255. Because the issues raised in the Motion are the proper subject of a motion pursuant

4

to 28 U.S.C. §2255, and Blount is entitled to liberal construction of his Motion, this Court hereby notifies Blount that his Motion is construed as one under 28 U.S.C. §2255. Blount has up to and including April 7, 2011, to withdraw, amend, or supplement his pleading. Blount is hereby advised of future restrictions barring further claims consistent with Castro v. United States, 540 U.S. 375, 377 (2003).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Arlis Glendell Blount's Motion (Doc. # 136) is construed as one under 28 U.S.C. § 2255.

(2) The Clerk is directed to open a civil case. The motion in the criminal case will be modified once the civil case is opened.

(3) Blount has up to and including April 7, 2011, to withdraw, amend, or supplement his pleading.

(4) Blount is hereby advised of future restrictions barring further claims consistent with Castro v. United States, 540 U.S. 375, 377 (2003).

**DONE** and **ORDERED** in Jacksonville, Florida, this 8th day of March, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record